STEVEN G. KALAR
Federal Public Defender
DEJAN M. GANTAR
Assistant Federal Public Defender
55 S. Market Street, Suite 820
San Jose, CA  95113
(408) 291-7753
(408) 291-7399
Dejan_Gantar@fd.org

Counsel for Defendant JUAN ROCHA a.k.a. PABLO NUÑEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN ROCHA a.k.a. PABLO NUÑEZ,<br><br>Defendant. | **Case No.** CR 19–00382 EJD<br><br>**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**<br><br>Pretrial Conference: February 22, 2021<br>Trial Date: March 9, 2021<br><br>**Honorable Edward J. Davila** |

Defendant Juan Rocha a.k.a. Pablo Nuñez, by and through his counsel, submits the following proposed jury instructions. Pursuant to Federal Rule of Criminal Procedure 30, Mr. Rocha/Nuñez requests the Court to instruct the jury on the law as set forth below.  Mr. Rocha/Nunez reserves the right to submit any limiting instructions, based upon the Court's evidentiary rulings at the pretrial conference or at trial.

\\\

\\\

\\\

DEF'S PROPOSED JURY INSTRUCTIONS
CR 19-00382 EJD

1   Mr. Rocha/Nuñez also reserves the right to submit any additional proposed instructions,

2   including his theory of the defense instructions, at the close of evidence.

3

4                                              Respectfully submitted,

5

6    Dated: February 19, 2021                  STEVEN G. KALAR
                                               Federal Public Defender
7
                                                      /S/
8
                                               _____
9                                              DEJAN M. GANTAR
                                               Assistant Federal Public Defender

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   DEF'S PROPOSED JURY INSTRUCTIONS

28   CR 19-00382 EJD

1

**<u>INTRODUCTION</u>**

2    Mr. Rocha/Nuñez requests that the indictment not be sent to the jury room.  *See* Ninth

3 Circuit Jury Procedure Manual, § 4.6 ("the Committee believes that great caution should be

4 exercised in providing the jury with the indictment since it is frequently cast in highly prejudicial

5 language.") ("The trial judge has wide discretion as to whether the jury should be provided with

6 a copy of the indictment for use during jury deliberations.").

7

8    Mr. Rocha/Nuñez requests the following preliminary Ninth Circuit Model Instructions

9 (2010 edition):

10        1.1     Duty of Jury

11        1.3     What Is Evidence

12        1.4     What Is Not Evidence

13        2.11    Evidence for Limited Purpose

14        1.5     Direct and Circumstantial Evidence

15        1.6     Ruling on Objections

16        1.8     Conduct of the Jury

17        1.9     No Transcripts Available to Jury

18        1.10    Taking Notes

19        1.11    Outline of Trial

20        3.2     Charge Against Defendant Not Evidence – Presumption of Innocence –

21                Burden of Proof (to be read after reading of indictment at beginning of

22                trial, if indictment is read, and at the close of trial).

23

24

25

26

27

DEF'S PROPOSED JURY INSTRUCTIONS

28

CR 19-00382 EJD

Mr. Rocha/Nuñez requests the following Ninth Circuit Model Instructions during the trial:

2.1     Cautionary Instruction--First Recess

2.2     Bench Conferences and Recesses

2.3     Stipulated Testimony (if applicable)

2.4     Stipulations of Fact (if applicable)

2.5     Judicial Notice (if applicable)

2.11    Evidence for Limited Purpose

Mr. Rocha/Nuñez requests the following Ninth Circuit Model Instructions at the conclusion of the trial:

3.1     Duties of Jury to Find Facts and Follow Law

3.2     Charge Against Defendant Not Evidence--Presumption of Innocence--Burden of Proof

3.6     What Is Evidence

3.7     What Is Not Evidence

3.8     Direct and Circumstantial Evidence

3.10    Activities Not Charged (if applicable)

4.1     Statements by Defendant (if applicable)

4.3     Other Crimes, Wrongs or Acts of Defendant (if applicable)

4.4     Character of Defendant (if applicable)

4.7     Character of Witness for Truthfulness (if applicable)

4.8     Impeachment Evidence - Witness (if applicable)

4.13    Missing Witness (if applicable)

4.14    Opinion Evidence, Expert Witness

7.1     Duty to Deliberate

DEF'S PROPOSED JURY INSTRUCTIONS

CR 19-00382 EJD

7.2     Consideration of Evidence - Conduct of the Jury

7.3     Use of Notes

7.6     Communication with Court. The defense objects to any *non-structural* note sent by the jury being read to counsel during trial, before deliberations.  Specifically, the defense will object to any questions during trial asking for factual clarification or further elaboration on any factual issue.  The defense has no objection to jury notes during the trial, and before deliberations, relating to the structure of the trial and jury – such as a sleeping juror, or attorney contact with a juror.  The defense also has no objection to counsel being made aware of jury notes *during deliberations*.

In addition, Mr. Rocha/Nuñez proposes additional instructions below and will propose his theory of defense instructions at the conclusion of evidence.

DEF'S PROPOSED JURY INSTRUCTIONS

CR 19-00382 EJD

**DEFENSE PROPOSED INSTRUCTION NO. 1**

(Preliminary instruction to be given to the entire panel before jury selection)

It is important that you discharge your duties without discrimination, meaning that bias regarding the race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender of Mr. Rocha/Nuñez, any witnesses, and the lawyers should play no part in the exercise of your judgment throughout the trial.

Accordingly, during this voir dire and jury selection process, the lawyers and I may ask questions or use demonstrative aids related to the issues of bias and unconscious bias

*Given* ___

*Rejected* ___

*Given, As Modified* ____

DEF'S PROPOSED JURY INSTRUCTIONS

CR 19-00382 EJD

**DEFENSE PROPOSED INSTRUCTION NO. 2**

**<u>Duty Of Jury</u>** (Preliminary instruction to be given before opening statements)


Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed [written] instructions that will control your deliberations.  When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

In addition, please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

NINTH CIRCUIT MODEL JURY INSTRUCTION 1.1 (2010) (Modified)

*Given* ____

*Rejected* ____

*Given, As Modified* ____

DEF'S PROPOSED JURY INSTRUCTIONS
CR 19-00382 EJD

1   **DEFENSE PROPOSED INSTRUCTION NO. 3**

2       <u>**Initial Instruction**</u>

3       This is a criminal case brought by the United States government. The government

4   charges Mr. Rocha/Nuñez with False Statement in Application for a Passport, in violation of 18

5   U.S.C. § 1542.  The indictment is simply the description of the charge made by the government

6   against Mr. Rocha/Nuñez; it is not evidence of anything.

7       Mr. Rocha/Nuñez has pleaded not guilty to the charge and is presumed innocent unless

8   and until proved guilty beyond a reasonable doubt.  Mr. Rocha/Nuñez has the right to remain

9   silent and never has to prove innocence or present any evidence.  The government always carries

10  the burden of proof beyond a reasonable doubt

11      In order to prove that Mr. Mr. Rocha/Nuñez is guilty of these offenses, the government

12  must prove each element of the offense beyond a reasonable doubt.

13

14  NINTH CIRCUIT MODEL JURY INSTRUCTION 1.2

15

16

17

18

19

20

21

22

23

24  *Given* ____

25  *Rejected* ____

26  *Given, As Modified* ____

27  DEF'S PROPOSED JURY INSTRUCTIONS

28  CR 19-00382 EJD

**DEFENSE PROPOSED INSTRUCTION NO. 4**

### Presumption of Innocence/Reasonable Doubt

You are instructed that you must presume Mr. Rocha/Nuñez to be innocent of the crimes charged.  Thus Mr. Rocha/Nunez, although accused of a crime in the indictment, begins the trial with a "clean slate"-with no evidence against him.  The indictment, as you already know, is not evidence of any kind.  Mr. Rocha/Nuñez is not on trial for any act or crime not contained in the indictment.  The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against Mr. Rocha/Nuñez.  The presumption of innocence alone, therefore, is sufficient for you to find Mr. Rocha/Nuñez not guilty.

The burden is always on the government to prove guilt beyond a reasonable doubt.  The burden never shifts to Mr. Rocha/Nuñez, for the law never imposes upon the Defendant in a criminal case the burden or duty of calling any witnesses, producing any evidence, or taking the stand to testify.  Mr. Rocha/Nuñez is not even obligated to produce any evidence by cross-examining the witness for the government.

It is required that the government prove guilt beyond a reasonable doubt.  A reasonable doubt is doubt based upon reason and common sense-the kind of doubt that would make a reasonable person hesitate to act.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced Mr. Rocha/Nuñez is guilty.

Unless the government proves, beyond a reasonable doubt, that Mr. Rocha/Nuñez has committed each and every element of the offense charged in the indictment, you must find Mr. Rocha/Nuñez not guilty of the offense.  If the jury views the evidence in the case as permitting either of two conclusions-one of innocence, and the other guilty-the jury must, of course adopt the conclusion of innocence.

DEF'S PROPOSED JURY INSTRUCTIONS

CR 19-00382 EJD

1    The Ninth Circuit has expressly approved a reasonable doubt instruction that informs the

2    jury that the jury must be "firmly convinced" of the defendant's guilt.  *United States v.*

3    *Velasquez*, 980 F.2d 1275, 1278 (9th Cir. 1992); *Victor v. Nebraska*, 511 U.S. 1, 5 (1994); *see*

4    *also Lisenbee v. Henry*, 166 F.3d 997, 999 (9th Cir. 1999).

5

6    NINTH CIRCUIT MODEL JURY INSTRUCTION 3.5 (2010).

*Given ___*

*Rejected ___*

*Given, As Modified ____*

DEF'S PROPOSED JURY INSTRUCTIONS

CR 19-00382 EJD

**DEFENSE PROPOSED INSTRUCTION NO. 5**

<u>**Credibility of Witnesses**</u>

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.


You must avoid bias, conscious or unconscious, based on the witness's race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

NINTH CIRCUIT MODEL JURY INSTRUCTION 1.7 (modified)


*Given ___*

*Rejected ___*

*Given, As Modified ____*

DEF'S PROPOSED JURY INSTRUCTIONS

CR 19-00382 EJD

1  **DEFENSE PROPOSED INSTRUCTION NO. 6**

2      **<u>Defendant's Testimony</u>**

3          The defendant has testified. You should treat his testimony just as you would the

4  testimony of any other witness.  You should not disregard or disbelieve his testimony simply

5  because he is charged as a defendant in this case.

6

7  NINTH CIRCUIT MODEL JURY INSTRUCTION 3.4 (2010)(modified)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24  *Given* ___

25  *Rejected* ___

26  *Given, As Modified* ____

27  DEF'S PROPOSED JURY INSTRUCTIONS

28  CR 19-00382 EJD

**DEFENSE PROPOSED INSTRUCTION NO. 7**

### <u>Defendant's Choice Not to Testify or Present Evidence</u>

The defendant did not testify (or present evidence) in this case.  In a criminal case, a defendant has a constitutional right not to testify or to present any evidence.  The burden of proof remains with the government throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.  You must not attach any significance to the fact that the defendant did not testify.  You must not draw any adverse inference against him because he did not take the witness stand.  Do not consider, for any reason at all, the fact that he did not testify.  Do not discuss that fact during your deliberations or let it influence your decision in any way.

NINTH CIRCUIT MODEL JURY INSTRUCTION 3.3 (2010) (Modified); *United States v. Castaneda*, 94 F.3d 592, 596 (9th Cir. 1996); *Carter v. Kentucky*, 450 U.S. 288 (1981); *Shults v. Whitley*, 982 F.2d 361 (9th Cir. 1992);

*Given* ____

*Rejected* ____

*Given, As Modified* ____

DEF'S PROPOSED JURY INSTRUCTIONS

CR 19-00382 EJD

**DEFENSE PROPOSED INSTRUCTION NO. 8**

**<u>Duty Of Jury</u>** (to be given during closing instructions)

      I want to remind you about your duties as jurors. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decision.

NINTH CIRCUIT MODEL JURY INSTRUCTION 1.1 (2010) (Modified)

*Given* ____

*Rejected* ____

*Given, As Modified* ____

DEF'S PROPOSED JURY INSTRUCTIONS

CR 19-00382 EJD