STEVEN G. KALAR
Federal Public Defender
Northern District of California
DEJAN M. GANTAR
Assistant Federal Public Defender
55 South Market Street, Suite 820
San Jose, CA 95113
Telephone: (408) 291-7753
Facsimile: (408) 291-7399
Email: Dejan_Gantar@fd.org

Counsel for Defendant JUAN ROCHA a.k.a. PABLO NUÑEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN ROCHA a.k.a. PABLO NUÑEZ,<br><br>Defendant. | Case No. CR 19–00382 EJD<br><br>**DEFENDANT'S PROPOSED JURY INSTRUCTION RE: 18 U.S.C. SECTION 1542**<br><br>Pretrial Conf.: February 22, 2021<br><br>Trial: March 9, 2021 |

# INTRODUCTION

The government has alleged that Defendant Juan Rocha, a.k.a. Pablo Nuñez, willfully and knowingly made a false statement in a passport application, in violation of 18 U.S.C. § 1542.

The Ninth Circuit Model Jury Instructions do not have a model instruction for this offense. Accordingly, Mr. Rocha/Nuñez respectfully proposes the Court instruct the jury on this offense as presented below. The defense's proposed jury instruction is based upon the Ninth Circuit's decision in *United States v. Ye*, 808 F.3d 395 (9th Cir. 2015); the Supreme Court's decision in *Browder v. United States*, 312 U.S. 335 (1941); and the model jury instructions for section 1542 from the First and Eleventh Circuits, attached here as Exhibits A and B, respectively.

**False Statement in Application for United States Passport 18 U.S.C. § 1542**

Mr. Rocha/Nuñez is charged with making a false statement in an application for a United States passport. For you to find Mr. Rocha/Nuñez guilty of this crime, you must be convinced that the government has proven each of these things beyond a reasonable doubt:

First, Mr. Rocha/Nuñez made a false statement in an application for a United States passport;

Second, Mr. Rocha/Nuñez made the false statement for the purpose of causing issuance of a passport for his own use or the use of another person; and

Third, Mr. Rocha/Nuñez made the statement willfully and knowingly.

A statement is made knowingly if the person knew that the same was false at the time it was made. A statement is made willfully if the statement was made deliberately and not as a result of carelessness, negligence, or inadvertence.

Dated:    February 19, 2021           Respectfully submitted,

                                       STEVEN G. KALAR
                                       Federal Public Defender
                                       Northern District of California

                                              /S
                                       DEJAN M. GANTAR
                                       Assistant Federal Public Defender

DEFENDANT'S PROPOSED JURY INSTRUCTION
*ROCHA*, CR 19–00382 EJD

1

# EXHIBIT A

**4.18.1542         False Statement in Application for United States Passport,
                    18 U.S.C. § 1542**

[New: 10/30/07]

[Defendant] is charged with making a false statement in an application for a United States passport. It is against federal law to make a false statement in a passport application. For you to find [defendant] guilty of this crime you must be convinced that the government has proven each of these things beyond a reasonable doubt:

> First, that [defendant] willfully and knowingly made a false statement in an application for a United States passport; and
>
> Second, that [defendant] made the false statement for the purpose of causing issuance of a passport for [his/her] own use or the use of another person.

A statement is "false" if it was untrue when made.

A false statement is made "willfully and knowingly" if [defendant] acted voluntarily, not by mistake or accident, and knew that the statement was false or demonstrated a reckless disregard for the truth with a conscious purpose to avoid learning the truth.

## Comment

(1)     This charge is based largely upon United States v. Salinas, 373 F.3d 161, 165 (1st Cir. 2004) (examining the substantive criminal elements of section 1542 in the context of deciding proper venue), and United States v. George, 386 F.3d 383, 397 (2d Cir. 2004).

(2)     There is no requirement of "materiality" in section 1542. Salinas, 373 F.3d at 167 ("The passport fraud statute . . . does not contain any materiality requirement. Moreover, courts have refused to read a materiality requirement into it.").

(3)     In a closely-related context—the prohibition against the use of a fraudulently obtained passport—the Supreme Court explained "knowingly and willfully" to mean "deliberately and with knowledge and not something which is merely careless or negligent or inadvertent." Browder v. United States, 312 U.S. 335, 341 (1941); see also George, 386 F.3d at 388–89 (concluding the definition of "knowingly and willfully" in Browder should be applied for the prohibition against false statements in section 1542).
        The meaning of "knowingly and willfully" stated above and derived from Browder should be used instead of the general definitions of "knowingly" and "willfully" in Instructions 2.15–2.17.

(4)     The crime is complete "at the moment an applicant makes a knowingly false statement in an application with a view toward procuring a passport." Salinas, 373 F.3d at 165. And therefore "[p]roof of a good motive . . . is not probative on the issue" of intent for section 1542. United States v. Washington, 705 F.2d 489, 493 (D.C. Cir. 1983); see also Browder, 312 U.S. at 341–42; George, 386 F.3d at 389, 394–96.

# EXHIBIT B

**O60**                      PATTERN JURY INSTRUCTIONS

## O60

## False Statement in Application and Use of Passport
## 18 U.S.C. § 1542

It's a Federal crime to knowingly and willfully make a false statement in an application for a United States passport.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant made a false statement in an application for a United States passport;

(2) the Defendant made the statement intending to get a United States passport for [[his] [her] own use] [someone else's use];

(3) the Defendant acted knowingly and willfully[.] [and]

[(4) the Defendant did so [to facilitate an act of international terrorism] [to facilitate a drug-trafficking crime].]

A statement is false if it was untrue when made, and the person making it knows it is untrue.

[To "facilitate" an act simply means to help or further the accomplishment of that act.]

[An "act of international terrorism" means (1) a criminal act that is dangerous to human life, (2) appears to be intended to intimidate or coerce a civilian population, or to influence the policy of a government by intimidation or coercion, or to affect the conduct of a government by assassination or kidnapping, and (3) oc-

OFFENSE INSTRUCTIONS **O60**

curs outside the United States or transcends national boundaries in terms of the means by which it is accomplished, the persons intended to be intimidated or coerced, or the locale in which the perpetrator operates or seeks asylum.]

[A "drug-trafficking crime" means any felony punishable under the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.]

### ANNOTATIONS AND COMMENTS

18 U.S.C. § 1542 (first two paragraphs) provides:

Whoever willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws; or

Whoever willfully and knowingly uses or attempts to use, or furnishes to another for use any passport the issue of which was secured in any way by reason of any false statement

The optional Fourth element is included in order to comply with *Apprendi v. New Jersey*, 530 U.S. 466 (2000) where the indictment alleges facts triggering the enhanced penalty under the statute.

*See Browder v. United States*, 312 U.S. 335 (1941); *U.S. v. O'Bryant*, 775 F.2d 1528, 1535 (11th Cir. 1985) ("Section 1542 proscribes 'willfully and knowingly' making a false statement in a passport application. The crime is complete when one makes a statement one knows is untrue to procure a passport.")