GEOFFREY A. HANSEN
Acting Federal Public Defender
DEJAN M. GANTAR
Assistant Federal Public Defender
DANIEL P. BLANK
Senior Litigator
55 S. Market Street, Suite 820
San Jose, CA  95113
Telephone:  (408) 291-7753
Facsimile:   (408) 291-7399
Dejan_Gantar@fd.org
Daniel_Blank@fd.org

Counsel for Defendant JUAN ROCHA a.k.a. PABLO NUÑEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   v.<br><br>JUAN ROCHA a.k.a. PABLO NUÑEZ,<br><br>          Defendant. | **Case No.** CR 19–00382 EJD<br><br>**DEFENDANT'S PROPOSED THEORY OF DEFENSE INSTRUCTION**<br><br><br>**Honorable Edward J. Davila** |

Defendant Juan Rocha a.k.a. Pablo Nuñez, by and through his counsel, submits the following theory of defense jury instruction.  Pursuant to Federal Rule of Criminal Procedure 30, Mr. Rocha/Nuñez requests the Court to instruct the jury as set forth below.

////

////

////

DEF.'S PROPOSED THEORY OF DEFENSE INSTRUCTION
CR 19-00382 EJD

1

Dated: March 16, 2021

Respectfully submitted,

GEOFFREY A. HANSEN
Acting Federal Public Defender

/S/
_____
DEJAN M. GANTAR
Assistant Federal Public Defender

DANIEL P. BLANK
Senior Litigator

### Mr. Rocha/Nuñez's Theory of Defense Instruction

Mr. Rocha/Nuñez contends that he is not guilty of making a false statement on a passport application, because the government has not proven all of the elements beyond a reasonable doubt. Specifically, Mr. Rocha/Nuñez contends that the government has not proven that he provided information in the 2016 passport application that he knew was false. Based on Mr. Rocha/Nuñez's mental health issues, and his history of using the name Pablo Anthony Nuñez, and the social security number ending in -4412, he believed that the information he provided in the passport application was true. Therefore, he did not know the information he provided was actually false.

The burden is on the government to prove beyond a reasonable doubt each element of the offense. Mr. Rocha/Nuñez does not have to prove his innocence, nor does he bear the burden of having to prove any fact in this case. If the government fails to prove each and every element of the offense beyond a reasonable doubt as set forth in Count one, you must return a not guilty verdict.

A defendant is entitled to jury instructions related to a defense theory if there is "any foundation in the evidence" and the instruction is "supported by law." *United States v. Cortes*, 757 F.3d 850, 857 (9th Cir. 2014) (internal citation and quotations omitted).

"[A] defendant is entitled to an instruction concerning his theory of the case if the theory is legally sound and evidence in the case makes it applicable, even if the evidence is weak, insufficient, inconsistent, or of doubtful credibility." *United States v. Washington*, 819 F.2d 221, 225 (9th Cir. 1987), quoted in *Cortes*, 757 F.3d at 858.